BAKER WATKINS SUPPLY CO. *v.* FOWLKES.

(*Jackson.*  April Term, 1914.)

1. JUSTICES OF THE PEACE.  Execution.  Lien.  Creation.

The purpose of Acts 1899, ch. 39, providing that whenever any
execution, issued by a justice of the peace, is levied on real
estate, the title to the real estate shall not be affected as
to third parties, unless the execution or the papers in the
case are filed in the circuit court within ten days after the
levy, is to give third parties notice of the lien of the execution,
and is for the protection of third parties.  (*Post, p.* 667.)

Code cited and construed:  Secs. 4808-4810 (S.); subsec. 8, sec.
5892 (S.); subsecs. 3, 6, sec. 5938 (S.).

Acts cited and construed:  Acts 1899, ch. 39.

2. JUSTICES OF THE PEACE.  Execution.  Validity.  Loss of
summons.

An execution issued by a justice of the peace was not rendered
invalid by the fact that at the date of its issuance the original
summons was lost, and no steps had then been taken to supply
it; Shannon's Code, sec. 4800, providing that, when the docket
book and the original papers are destroyed, the justice of the
peace may supply them, and issue execution as though they
had not been destroyed, not being applicable, since it outlines
the practice where all the papers and docket book are lost, and
not where the summons alone is lost.  (*Post, pp.* 668-671.)

Code cited and construed:  Sec. 4800 (S.); sec. 5701 (S.); subsec.
3, sec. 5938 (S.); subsec. 6, sec. 5938 (S.); sec. 5941-5946 (S.).

3. EXECUTION.  Filing transcript in superior court.  Loss of
summons.  Establishment and restoration.

Under Shannon's Code, sec. 5701, providing that any record,
proceedings, or paper, filed in an action, either at law or equity,
if lost or mislaid, may be supplied, upon application, ·under

the orders of the court, where a cause had been transferred from a justice of the peace to the circuit court after the levy of an execution on land for the purpose of obtaining an order of condemnation, the circuit court could make an order supplying the original summons, though it had never been on file in that court, it having been lost before the transfer of the cause, since the power vested in courts by the statute is not limited to papers filed in the court which makes the order, but applies to any paper "filed in an action." (*Post, pp.* 671-675.)

Code cited and construed: Sec. 5701 (S.); secs. 4800, 5701 (S.).

Act cited and construed: Acts 1899, ch. 39.

Cases cited and approved: Crabtree v. Bank, 108 Tenn., 483; Tyree v. Magness, 33 Tenn., 276; Elliott & Co. v. Jordan, 66 Tenn., 376; Childress v. Lewis, 61 Tenn., 12; Lane v. Jones, 42 Tenn., 318; Graves v. Keaton, 43 Tenn., 9; Faust v. Echols, 44 Tenn., 398; Glass v. Stovall, 29 Tenn., 453; Hollins v. Johnson, 40 Tenn., 346; Parker v. Swan, 20 Tenn., 81; Farquhar v. Toney, 24 Tenn., 502; Stole v. Gardner, 81 Tenn., 135.

Cases cited and distinguished: Halliburton v. Jackson, 79 Tenn., 471; Anderson v. Talbot, 48 Tenn., 410.

---

## FROM DYER.

Appeal from the Circuit Court of Dyer County to the Court of Civil Appeals and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— Jos. E. Jones, Judge.

Ashley & Campbell, for plaintiff.

Draper & Rice, for defendant.

Mr. Justice Buchanan delivered the opinion of the Court.

The supply company procured a judgment before a justice of the peace against Fowlkes, and caused execution to be issued on the judgment and levied on land owned by Fowlkes. The date of the judgment was January 1, 1908. The execution was issued, levied on the land, and filed in the office of the clerk of the circuit court with the return of the levying officer on April 15, 1912. During the June term of the circuit court for 1913, and on the 30th day of that month, plaintiff in execution moved the circuit court to be permitted to supply the original summons, together with the indorsements thereon, for the purpose of obtaining an order of condemnation. This motion the court disallowed, and the plaintiff excepted. Whereupon the defendant in execution moved the court to quash the execution and levy thereof in this cause, and to dismiss the proceedings, which motion the court allowed, and accordingly adjudged, from which judgment, plaintiff in execution prosecuted its appeal to the court of civil appeals, where by a divided court, the majority opinion being by Mr. Justice Moore, the judgment of the circuit court was reversed, and the cause remanded. It is now before us on petition for *certiorari* of defendant in execution. His assignments of error raise two questions:

(1) Was the circuit court in error in disallowing the motion to supply by proof the lost summons and the returns thereon?

(2) Was the trial court in error in sustaining the motion of the execution debtor, and in quashing the execution, and dismissing the proceeding?

Since the two questions may very well have been framed as one, we will consider them so. Section 4808 of Shannon's Code provides:

"Where an execution issued by a justice of the peace is levied on real estate, it shall be the duty of the justice to whom the same is returned to return the execution, together with the judgment and the papers in the cause, to the next circuit court of his county for condemnation."

See, also, subsections 3 and 6, section 5938, Shannon's Code.

Section 4809, Shannon's Code, provides:

"The circuit court, upon the return thus made, may condemn the land, and order the same, or so much thereof as it may see proper, to be sold by the sheriff of the county, in satisfaction of the judgment and costs."

The next section (4810, Shannon's Code) provides:

"If the circuit court condemn the land to be sold, the clerk shall enter on the minutes the warrant, attachment, or other leading process, with the officer's return thereon, the prosecution and other bonds, where the condition has not been discharged, affidavits for attachment or other process, the judgment of the justice, the execution levied with the officer's return, and the judgment of the court."

The above legislation was supplemented by chapter 39, Acts of 1899, which, so far as material here, reads as follows:

"Section 1. That hereafter, whenever any execution, issued by a justice of the peace, is levied on real estate, and ten days from the date of the levy has expired, the title to the real estate shall not be affected as to third parties until said execution or the papers in the cause are filed in the circuit court of the county in which the land lies.

"Section 2. That the officer making said levy shall, within ten days thereafter, return the execution to the circuit court, where said cause will be at once docketed, and he will return the fact of the return of such execution to the circuit court, to the justice of the peace issuing the execution, whereupon the justice shall file the remaining papers in said cause in the circuit court, as now required by law."

It is manifest that the policy underlying the last-quoted act was the protection of third parties; for, to preserve the lien as against them, the first section of the act requires filing in the circuit court either of the execution or of the remaining papers in the cause. Subsection 8 of section 5892, Shannon's Code, makes it the duty of the clerk to record at full length on the minutes of his court the papers returned into court by a justice of the peace, for the purpose of having a condemnation of land levied on by execution from such justice, and also the order of sale; this, of course, only after order of sale has been made. The second sec-

tion of chapter 39, Acts 1899, supra, provides for an immediate docketing of the cause when the levying officer under the terms of that act has returned the execution into the circuit court, the purpose of all of which is to give third parties notice of the lien of the execution.

The transcript fails to disclose that the rights of third parties are involved in the present case; but, even if they were, it is clear that the execution was returned into the circuit court on the same day it was issued and levied. The execution debtor insists that, when the court sustained his motion, no lien was in existence by reason of the levy of the execution on the land, because, as he says, the summons was lost before the execution was issued by the justice of the peace, and no valid execution could be issued until the lost summons was supplied, and that it should have been supplied by a compliance with section 4800, Shannon's Code, before the issuance of the execution. That section does provide that:

"When the docket book and original papers belonging to the office of a justice of the peace are destroyed, and said justice shall make oath to that effect, it shall be lawful for said justice, or his successor in office (upon the plaintiff, his agent, attorney, or returning officer filing with said justice, or his successor in office, an affidavit setting forth the name of the plaintiff or plaintiffs, defendant or defendants, the date and amount of his, her, or their judgment as near as may be, and that the same has not been paid), to issue execution as though the original papers and docket book

had not been destroyed; and the same shall be as good and valid, and have the same force and effect, as other executions issued by justices of the peace."

But the section just quoted does not support the insistence of the judgment debtor in the case at bar, because it is not one where the docket book and original papers are destroyed. The docket book, with its record of the judgment, is still in the custody of the justice of the peace by whom the judgment was rendered. The original summons, the indorsements on it, and the copy of the account attached to it alone are lost. Section 4800, Shannon's Code, seems to be a special one, outlining the practice where all the papers and the docket book have been destroyed, and it does not apply in the present case. Section 5701, Shannon's Code, reads:

"Any record, proceeding, or paper filed in an action, either at law or equity, if lost or mislaid unintentionally, or fraudulently made away with, may be supplied, upon application, under the orders of the court, by the best evidence the nature of the case will admit of."

The summons in this case was on the files of the justice of the peace, and under subsection 3 of section 5938, Shannon's Code, it was his duty to retain, preserve, and file away in order, and properly marked for easy reference, all the papers in civil cases before him, unless returned or transmitted in pursuance of law, to the circuit court upon the appeal or otherwise; and under subsection 6 of said section 5938 it was his duty

to return the summons and all the other papers pertaining to the case to the circuit court, on the second day of the term next after the levy. It affirmatively appears that the loss of this summons was not due to the negligence of the plaintiff in execution or its counsel, but wholly to the failure of the justice of the peace, whose duty it was to keep it until levy was made on the land, and then to return it into the circuit court as stated.

By section 5941, Shannon's Code, it is provided:

"Every justice of the peace shall keep, in a well bound book properly ruled for that purpose, a docket of all judgments rendered by him, showing in whose favor and against whom each judgment is rendered, the names of the parties in full, and the date and amount of the judgment."

Section 5942 provides for the keeping by him of an execution docket, and that section and section 5943 prescribe such entries as shall be made therein, while by section 5944 it is provided that:

"A substantial compliance with these requirements will be sufficient to render the proceedings and entries valid for all purposes, so far as the parties litigant are concerned, and all persons claiming under them."

Yet section 5945 makes it a misdemeanor for any justice not to keep the docket and make the entries required, and upon conviction he may be removed from office and subjected to a fine of $50 for each omission, to be recovered by any one who sues therefor. And by section 5946 he is also made liable in damages to

any person injured for failing to keep his papers or dockets.

The sections referred to above are as numbered in Shannon's Code.

A certified copy of the judgment in this case, as it appears on the docket book of the justice of the peace, was read in evidence on the trial of the motion in this cause. There was also read an affidavit of the justice of the peace who issued the summons, to which he attached as Exhibit A a true copy, as he states in his affidavit, of the original summons, which was in proper form, and the indorsements on this copy of the summons show service on the defendant and the date of same, the date when the case was set for trial, the date and amount of the judgment, and that it was for the plaintiff and against the defendant. The certified copy of the judgment from the docket book does not show the date of the judgment, but does show the correct style of the cause and the amount of the judgment, and that it was rendered for plaintiff and against the defendant by name.

We do not think the validity of the execution was destroyed by the mere fact that at the date of its issuance the summons was lost and that no steps had then been taken to supply it. The plaintiff in execution, so far as this record shows, may have been ignorant of the loss of the summons when it ordered issuance of the execution. The validity of the execution in the respect here questioned depended only upon whether the summons was in proper form and was personally

served on the defendant, and not on the physical where-
abouts of the paper evidencing these vital facts.   It
is true that the summons was the leading process, but
its loss from the files did not affect its validity nor that
of the execution.   There must, of course, have been a
valid service of the summons, a valid judgment, a valid
execution and levy on real estate of the defendant, in
order that a valid lien should exist.   We think the
validity of all these appears from the transcript, un-
less, as is next insisted for the execution debtor, the
circuit court was without jurisdiction to make an order
supplying the lost summons after hearing the evidence
to which we have referred.   The argument on this
point is that the lost summons was never filed in the
circuit court and was not lost from its files, and there-
fore that court was without jurisdiction to order it to
be supplied.   The power conferred by section 5701,
Shannon's Code, is very broad, and vests in courts of
law and equity the power to supply lost papers, etc.,
and that power is not limited by the terms of the stat-
ute to papers filed in the court which makes the order,
if the paper was "filed in an action," it falls within
the terms of that section.   Now the paper here in ques-
tion was "filed in an action," and that action, by opera-
tion of law, was removed from the court in which the
paper was filed to the circuit court, and along with the
action passed the power of cognizance, the power to
condemn and pass judgment on the rights of the par-
ties, and as a necessary incident of the power to
adjudge there must exist the power and the duty to see

the evidence of the right to condemn, to see the papers on file; but one of them was lost. It was not on the files of the circuit court, had never been there; but it was filed in that action, the same action, while it pended before the justice of the peace. When the levying officer returned the execution into the circuit court, and the cause was there docketed as the second section of chapter 39, Acts of 1899, required, the transfer of jurisdiction was complete. *Crabtree* v. *Bank,* 108 Tenn. (24 Pickle), 483, 67 S. W. 797, and we think it beyond dispute that the circuit court had full jurisdiction, under section 5701, Shannon's Code, to make the order supplying the lost summons, to the end that it might be recorded on the minutes as required by law. The case of *Halliburton* v. *Jackson,* 79 Tenn. (11 Lea), 471, is not in conflict with our view. There the original summons and the note on which the action was based were lost, and what purported to be copies of those papers were certified up to the circuit court, and they, with the execution and return of the levying officer, were made the basis for the judgment of condemnation. This court held, and correctly so, we think, that this was neither compliance with our statute, section 4800 Shannon's Code, which was section 3070a, Code 1858, nor with section 5701, Shannon's Code which was section 3907, Code 1858, and that the facts stated should be under oath. The court did not in that case, however, as there was nothing to call for it, note the distinction which we have noted here

129 Tenn. 43

between a case where all written evidence of the judgment—that is, docket book and all the papers—is destroyed, and where, in order to have execution, the proceeding before the justice of the peace must be, under Shannon's Code, section 4800, and a case, on the other hand, such as this, where certainly under our Acts 1899, ch. 39, the return of the execution into the circuit court transfers to that court full jurisdiction over the action and rights of the parties to it. In general accord with one phase or another of the views we have expressed are the following cases: *Tyree v. Magness,* 1 Sneed (33 Tenn.), 276; *Elliott & Co. v. Jordan,* 7 Baxt. (66 Tenn.), 376; *Childress v. Lewis,* 2 Baxt. (61 Tenn.), 12; *Lane v. Jones,* 2 Cold. (42 Tenn.), 318; *Graves v. Keaton,* 3 Cold. (43 Tenn.), 9; *Faust v. Echols,* 4 Cold. (44 Tenn.), 398; *Glass v. Stovall,* 10 Humph. (29 Tenn.), 451; *Hollins v. Johnson,* 3 Head (40 Tenn.), 346; *Parker v. Swan,* 1 Humph. (20 Tenn.), 81, 34 Am. Dec. 619; *Farquhar v. Toney,* 5 Humph. (24 Tenn.), 502; *Stole v. Gardner,* 13 Lea (81 Tenn.), 135, 49 Am. Rep. 660.

We do not think under the facts of this case that the action of the circuit judge can be sustained by application of the principles announced in *Anderson v. Talbot,* 1 Heisk. (48 Tenn.), 410.

The transcript shows, as stated, a copy of the summons, and that copy recites that a copy of the account on which the suit was based was attached to the summons as Exhibit A. We think this copy of the account should have been proved, as well as the copy of the

summons.   And we think it clear that the trial judge was in error in disallowing the motion of plaintiff in execution.   He should have required proof to be made of the copy of the account which was attached to the summons, and, upon that being made, the evidence was sufficient to have warranted an order of condemnation.   The above being true, he was, of course, clearly in error in granting the motion of defendant in execution.

Modified as above indicated, there is no error in the judgment of the court of civil appeals.   Wherefore let the writ of *certiorari* be granted, and the judgment of the court of civil appeals be modified as above, and, as modified, be affirmed, and the cause remanded, and with the *procedendo* let a copy of this opinion go down, in lieu of that of the majority of the court of civil appeals.